The Honorable Bobby Lee Trammell State Representative 5213 Richardson Drive Jonesboro, AR 72404-8162
Dear Representative Trammell:
You have requested an Attorney General opinion concerning the interaction of the rules and regulations that govern emergency medical technicians (EMTs) and paramedics,[1] and the rules and regulations that govern nurses.
Under the Department of Health rules and regulations that have been promulgated under the authority of Act 293 of 1981 (The Emergency Medical Services Act), EMTs and paramedics are allowed to administer medications when acting within the scope of their practice. The Arkansas Board of Nursing Regulations generally prohibit nurses from delegating the task of administering medications to any unlicensed person.
Accordingly, you have asked:
 (1) If the regulations that have been promulgated under the authority of the Emergency Medical Services Act concerning EMTs and paramedics are in conflict with the Arkansas Board of Nursing Rules and Regulations, which of the two governs?
 (2) Is the current state certification as an EMT or Paramedic equal to a license?
Response
Question 1 — If the regulations that have been promulgated under theauthority of the Emergency Medical Services Act concerning EMTs andparamedics are in conflict with the Arkansas Board of Nursing Rules andRegulations, which of the two governs?
It is my opinion that the regulations that have been promulgated under the authority of the Emergency Medical Services Act do not conflict with the Arkansas Board of Nursing Rules and Regulations — provided that the EMT or paramedic is acting within the permissible scope of practice of EMTs and paramedics.
The particular nursing regulation about which you have expressed concern is Chapter V-E-5. That regulation states:
E. NURSING TASKS THAT SHALL NOT BE DELEGATED
 By way of example, and not in limitation, the following are nursing tasks that are not within the scope of sound nursing judgment to delegate:
* * *
 5. Administration of any medications or intravenous therapy, including blood or blood products.
SBN — Rules and Regulations, Chapter V-E-5.
Your concern arises out of the fact that the State Department of Health Regulations that have been promulgated under the authority of the Emergency Medical Services Act to regulate EMTs and paramedics explicitly allow EMTs and paramedics to administer medications. See DOH Rules and Regulations Pertaining to Medical Services, Section III. Although at first blush these DOH regulations appear to conflict with Board of Nursing Regulation Chapter V-E-5, it is my opinion, as explained below, that the two do not conflict.
The goals of the two sets of regulations are distinct and separate. The Arkansas Board of Nursing Regulations do not purport to regulate the tasks that EMTs and paramedics can perform. Rather, they regulate what nurses can do. The DOH Rules and Regulations regulate what EMTs and paramedics can do.
Under the DOH Rules and Regulations, EMTs and paramedics are authorized to perform a number of tasks within a particular scope of practice. One aspect of this permissible scope of practice is that the tasks must be performed under the supervision of a "medical director." A "medical director" is a licensed physician who meets certain additional qualifications.[2] The other aspect of the permissible scope of practice of EMTs and paramedics can be gleaned from the definition of "emergency medical services." This term is defined in the Emergency Medical Services Act as follows:
"Emergency medical services" means:
 (A) The transportation and medical care provided the ill or injured prior to arrival at a medical facility by a certified emergency medical technician or other health care provider; and
 (B) Continuation of the initial emergency care within a medical facility subject to the approval of the medical staff and governing board of that facility;
A.C.A. § 20-13-202(10).
Thus, under the DOH Rules and Regulations, an EMT or a paramedic is limited to administering medications prior to arrival at a medical facility, or after arrival at the facility if the facility has granted its approval, and the EMT or paramedic must perform this task under the supervision of a licensed physician who meets the Act's definition of "medical director."
Accordingly, it can be concluded that although a nurse cannot delegate the task of administering medications to an EMT or a paramedic, an EMT or paramedic can nevertheless perform that task within the permissible scope of practice. Even though EMTs and paramedics cannot perform this task by virtue of delegation from a nurse, they can perform the task without delegation from a nurse if they are acting within the permissible scope of practice for EMTs and paramedics. This fact does not mean that the DOH Rules and Regulations conflict with the Arkansas Board of Nursing Regulations. It simply reflects the fact that the two sets of regulations govern different activities. The Arkansas Board of Nursing Regulations govern what nurses can do; the State Board of Health Regulations govern what EMTs and paramedics can do. The two do not conflict.
Question 2 — Is the current state certification as an EMT or Paramedicequal to a license?
I cannot answer this question definitively, because the context in which you are referring to the term "license" is not entirely clear. I assume that you are referring to the general prohibition in the nursing regulations against delegation of certain tasks to unlicensed persons. It is my opinion, as explained more fully below, that "certification" of EMTs and paramedics is not equivalent to "licensure" as that term is used in the nursing regulations.
I must note at the outset that the statutes and the rules and regulations that govern nurses do not define the term "license" or the term "certification." I acknowledge that when these sources of law are read in conjunction with the Emergency Medical Services Act, a question remains as to whether "certification" as an EMT or paramedic would constitute "licensure" in sense intended by the nursing regulations.
Generally, however, "licensure" is understood in the medical field as a reference to a grant of certain authority by the state, and corresponding evidence of regulation by the state. In contrast, the term "certification" is generally understood in the field as a reference to a grant of authority that may come from a private, unregulated entity such as a professional organization (although it may also come from the state), and does not necessarily indicate regulation by the state. The term "licensure" is also generally interpreted as carrying a connotation of requiring that the licensee demonstrate a higher level of skill than is generally required for "certification."
Because of these widely-held understandings of the terms "licensure" and "certification" in the medical field, it is my opinion that the current "certification" of EMTs and paramedics is not equivalent to "licensure," within the meaning of that term as it is used in the nursing regulations. I reiterate that the applicable statutes, rules, and regulations are not helpful in answering this question, and I note that this is an area that could benefit from legislative or administrative clarification.
I also note that my interpretation of these terms does not impact upon the conclusions stated in response to Question 1: EMTs and paramedics may perform the tasks that are within their scope of practice, even though some of those tasks may not be delegated by a nurse.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] Because you have specifically referred in your question to EMTs and paramedics, I will refer throughout this opinion to "EMTs and paramedics." I must point out that the term "emergency medical technician" is statutorily defined to include "EMT," "EMT-A," "EMT-Instructor," "EMT-Paramedic," and "EMS-Communications." See A.C.A. § 20-13-202(10).
[2] The term "medical director," as used in the State Board of Health Regulations, is defined as follows: "The Arkansas licensed physician, who is either certified in: Advanced Cardiac Life Support, or is Board Certified by the American Board of Emergency Medicine, in a supervisory capacity and registered with the Department as such." DOH Rules and Regulations Pertaining to Emergency Medical Services, Section I.Q.